**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM F. JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:06-CV-1685 FRB |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the petition of William F. Jones for a writ of habeas corpus under 28 U.S.C. § 2254.

**Background**

On September 17, 2004, Jones was sentenced to a thirty-month term of imprisonment in United States v. Jones, 4:04CV226 CEJ (E.D. MO.). Jones alleges that on June 6, 2005, he was sentenced to two five-year terms of imprisonment by the state court in State of Missouri v. Jones, 041-00567 (22nd Judicial Circuit of Missouri). Jones further alleges that the state court judgment mandated that his state sentences of imprisonment were to run concurrently with each other and with the federal sentence imposed on September 17, 2004. Additionally, Jones claims that the state court judge entered an order on June 6, 2006, directing that Jones be released to the Bureau of Prisons to begin serving his federal and state sentences of imprisonment.

Jones claims that he has not been released to the Bureau of Prisons in accordance with the June 6, 2005, order. Jones brings

the instant petition seeking to enforce the state court's judgment and order, *i.e.*, he seeks an order directing the Missouri Department of Corrections to transfer him to the Bureau of Prisons.

Jones filed his petition for habeas corpus under 28 U.S.C. § 2254 on November 20, 2006. The Court ordered Jones to file an amended petition, which he filed on February 12, 2007. Jones admits that he did not file any motion for post-conviction or habeas relief in state court before bringing this petition.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b)(1),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> (A) the applicant has exhausted the remedies available in the courts of the State . . .

The writ of habeas corpus appears to be an available remedy in Missouri under the facts of this case. Mo. R. Civ. P. 91.01(b) ("Any person restrained of liberty within the state may petition for a writ of habeas corpus to inquire into the cause of such restraint."); see also, State ex rel. Nixon v. Dierker, 22 S.W.3d 787, 789 (Mo. App. 2000) (habeas corpus available remedy where petitioner alleged he was entitled to credit for jail time served).

Because it does not appear that Jones has exhausted available state remedies, the Court will order Jones to show cause why the petition should not be dismissed, without prejudice, pursuant to 28 U.S.C. § 2254(b)(1)(A), for failure to exhaust available state remedies.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner William F. Jones shall show cause in writing and **no later than March 22, 2007**, why the petition should not be dismissed, without prejudice, pursuant to 28 U.S.C. § 2254(b)(1)(A), for failure to exhaust available state remedies.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this order, the petition shall be dismissed. Fed. R. Civ. P. 41(b).

Dated this 20th day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE